Scott, J.
The plaintiff brought an action of slander against the defendant in the court below. The petition states that the plaintiff enlisted, and served as a private soldier in the 96th Regiment Ohio Volunteers, from August 8th, 1862, till March 7th, 1865, when he was honorably discharged. That the defendant, on the 19th of March, 1866, in a ■ discourse which he then had with and concerning the plaintiff, in the hearing of divers persons, falsely and maliciously spoke and published of and concerning the plaintiff, the false, scandalous, and defamatory words following: “ You ” (meaning said plaintiff) “ are a deserter; ” meaning that plaintiff had deserted from the army of the United States. The petition alleges no special damages: and upon demurrer thereto judgment was rendered for the defendant; and the only question made here is whether the words' chai’ged are actionable per se.
The rule as laid down by Starkie is, that “ no charge upon the plaintiff, however foul, will be actionable, without special damage, unless it be of an offence punishable in a temporal court of criminal jurisdiction.” 1 Starkie on Slander, 21. The rule has been otherwise stated thus, that “ words, to be actionable, must either have produced a temporal loss to the plaintiff in special damage sustained, or they must convey a charge of some act criminal in itself, and indictable as such, and subjecting the party to an infamous, more especially a corporal, punishment; or some indictable offence involving moral turpitude.” 1 Hilliard on Torts, 239; Brooker v. Coffin, 5 Johns. R. 188; Young v. Miller, 3 Hill, 21; 2 E. D. Smith, 388; Dial v. Holter, 6 Ohio St. 228; Turner v. Ogden, 2 Salk. 696; Van Ness v. Hamilton, 19 Johns. 367; *433 McCuen ads. Ludlum, 2 Harrison's (N. J.) R. 12; Birch v. Benton, 26 Missouri, 153.
These authorities, and the general current of decisions, warrant us in saying that to render words actionable j?er se, on the ground that they impute criminality to the plaintiff, they must, 1st, be such as charge him with an indictable offence; and, 2d, the offence charged must involve a high degree of moral turpitude, or subject the offender to infamous punishment.
In the case before us, the words charged are not such as would, if true, render the plaintiff liable to indictment. The charge made is cognizable only by a court in which indictments and trial by jury are unknown; and in which punishments are graduated rather with reference to the exigencies of the service, than to the intrinsic turpitude of the offence.
Counsel have referred us to no case, and we are not aware of any, in which a charge of a crime or misdemeanor of a purely military character, and cognizable only by a court-martial, has been held actionable without special damage.
We hold that the demurrer to plaintiff’s petition was properly sustained by the court below, and its judgment is therefore affirmed.
Brinkerhoff, C.J., and Welch, White, and Day, JJ., concurred.